UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-0205-SEB-TAB-1 |
| ) | |
| APRIL L. COLE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On May 28, 2015 and June 9, 2015, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on April 2, 2015.  Defendant Cole appeared in person with her appointed counsel, Gwendolyn Beitz.  The government appeared by James Warden, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Jason Phillips and James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.The Court advised Defendant Cole of her rights and provided her with a copy of the petition.  Defendant Cole waived her right to a preliminary hearing.

2.After being placed under oath, Defendant Cole admitted the violations.  [Docket No. 98.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | On March 12, 18, and 24, 2015, this officer attempted contact with Ms. Cole at her residence. Multiple attempts were also made to reach her with her last known contact numbers, collateral contacts, and employer phone numbers, all to no avail. On March 25,2 015, this officer made contact with staff at Ms. Cole's apartment complex and was informed she had been evicted as of January 9, 2015. Her current whereabouts is unknown. |
| 2 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."** |
| | Ms. Cole is required to pay a minimum of 10% of her monthly gross income toward her financial obligation. Ms. Cole has been on supervision for approximately fifteen months. During this time, she has only submitted three restitution payments totaling $100, yet she has maintained at least part time employment. Her last payment was submitted on November 17, 2014. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is I.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

5. The parties jointly recommended that Defendant Cole remain on her current conditions of supervised release. The Magistrate Judge agreed, as Defendant was temporarily living out of a storage shed and was embarrassed to contact her probation officer. She also has limited financial means to pay restitution. However, Defendant recently secured new

employment and stable housing.  Revoking Defendant's supervision under these circumstances would have an unnecessary, detrimental effect.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and that she continue on her previously ordered conditions of supervised release.  Defendant is released pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 06/15/2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal